[Cite as *Gipson v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-7577.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Timothy W. Gipson et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 16AP-498 |
| | | (Ct. of Cl. No. 2016-118) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |
| | : | |

## D E C I S I O N

### Rendered on November 1, 2016

**On brief:** *Timothy W. Gipson*, pro se. **Argued:** *Timothy W. Gipson.*

**On brief:** *Michael DeWine*, Attorney General, and *Timothy M. Miller*, for appellee. **Argued:** *Timothy M. Miller.*

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Timothy W. Gipson and Julie B. Gipson filed a lawsuit in the Court of Claims of Ohio alleging that the Ohio Department of Rehabilitation and Correction ("ODRC") had acted incorrectly in its handling of inmate or former inmate, Andre L. Curry. The Court of Claims dismissed the lawsuit. The Gipsons have now appealed, assigning two errors for our consideration:

> I. The Trial Court Erred in Granting Defendant-Appellee State of Ohio Department of Rehabilitation and Correction['s] Motion to Dismiss captioned lawsuit filed by Plaintiffs-Appellants Timothy W. Gipson and Julie B. Gipson due to fact of Improper Serving of Dismissal by E-mail from Defendant-Appellee. Plaintiffs have no internet in there home or cell phone. The Defendant-Appellee and Attorney

General Mike DeWine office knew this. The Plaintiff is over the road truck driver plead out of time.

II. New Evidence case # B070775 was not entered into the Court of Hamilton County until May 2016 8 1/2 years later.

{¶ 2} The assignments of error are more understandable in light of the statement of the case set forth in the brief of appellants and the journal entry of dismissal journalized in the Court of Claims of Ohio. The court viewed the lawsuit as involving a claim that Andre L. Curry had damaged personal property belonging to the Gipsons while Curry was in the custody and control of ODRC, specifically in ODRC's transitional control program. Because of the harm caused to them, the Gipsons had obtained civil protection orders ("CPO") against Curry in 2009 and had had them delivered to Talbert House where Curry was residing. The Gipsons apparently expected that the civil protection orders would result in Curry being returned to prison, but did not. As a result, Curry was at large and caused more harm to the Gipsons.

{¶ 3} The Court of Claims found that the lawsuit filed by the Gipsons was barred by the two-year statute of limitations applicable to claims against the state of Ohio. The Court of Claims also felt the case was alleging the performance or nonperformance of a public duty and that ODRC was immune from liability under the circumstances.

{¶ 4} The Gipsons now argue that they did not know Curry was in the control of ODRC until February 24, 2015 and that their lawsuit did not accrue until that date. This argument is not persuasive. Assuming the Gipsons were injured as far back as 2009, the lawsuit needed to be filed within two years of their injuries beginning. The Gipsons were on notice that Curry lived at a residence used as transitional housing for inmates. They were aware of at least part of Curry's criminal history and hoped he would be returned to prison after they obtained the CPOs. Apparently they knew Curry was on parole or post-release control, so were on notice that ODRC had at least some duty to monitor and/or control Curry.

{¶ 5} Under the circumstances, the Gipsons knew or should have known that ODRC had a duty to monitor or control Curry to the extent reasonably possible. Their failure to take court action for far more than two years after they were harmed meant that

they allowed the statute of limitations to run.  It started to run when they were harmed by a man they knew or should have known was under some control of ODRC.

{¶ 6}   The first assignment of error is overruled.

{¶ 7}   The second assignment of error argues that ODRC did not properly serve them the motion to dismiss the lawsuit when counsel for ODRC served the motion through use of the email address the Gipsons provided when they filed their complaint. We cannot say the Court of Claims erred in proceeding to address the merits of the motions to dismiss.

{¶ 8}   First, when the Gipsons filed their claim with the Court of Claims, they listed an email address in addition to a street address and telephone number.  The listing of an email address is permitted by Civ.R. 11 which states:

> A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address.  A party who is not represented by an attorney may further state a facsimile number or *e-mail address* for service by electronic means under Civ.R. 5(B)(2)(f).

 (Emphasis added.)

{¶ 9}   Civ.R. 5(B)(2) authorizes service by electronic means as follows:

> A document is served under this rule by:
>
> * * *
> (f) sending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served.

{¶ 10} Thus, when the Gipsons listed their email address on the complaint, Civ.R. 5(B)(2)(f) authorized ODRC to serve its motion to dismiss by sending it to the Gipsons' email address on file.  There is no indication that, prior to dismissal of the complaint, ODRC learned that the email did not reach the person served.  The Gipsons stated in their appeal that (1) they did not get anything by U.S. mail, and (2) they do not have internet service at their residence and can only check their email at the library.  Accordingly, we cannot say that ODRC did not properly serve the motion to dismiss.

{¶ 11} Second, the statute of limitations had clearly run, and any response the Gipsons could make could not change that fact.

{¶ 12} The second assignment of error is overruled.

{¶ 13} Both assignments of error having been overruled, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and KLATT, J., concur.

————————